UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        v.

JULIUS WHITE,

        Defendant.

_____

**DECISION AND ORDER**

6:24-CR-06012 EAW

Defendant Julius White ("Defendant") stands accused by an indictment returned on January 23, 2024, with one count of violating 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (felon in possession of ammunition). (Dkt. 23). Pending before the Court are Defendant's objections (Dkt. 51) to a Report and Recommendation (Dkt. 48 ("R&R")) entered by United States Magistrate Judge Mark W. Pedersen,[1] recommending that Defendant's motion to suppress statements and evidence and motion to dismiss the indictment (Dkt. 35) be denied. Oral argument was held before the undersigned on October 8, 2024, at which time the Court explained that it adopted the R&R.[2]

---

[1]    By Text Order entered January 24, 2024, the Court referred this matter to Magistrate Judge Pedersen to report on dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 25).

[2]    A district court reviews any specific objections to a report and recommendation on a dispositive issue, such as a motion to dismiss, under a de novo standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). To trigger the de novo review standard, objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Moreover, "it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and

As for Defendant's motion to dismiss the indictment,[3] the Court agrees with the R&R that *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013), remains controlling precedent and forecloses Defendant's facial challenge to 18 U.S.C. § 922(g)(1).  The Court addressed this very issue in *United States v. Rodriguez*, 6:23-CR-06173 EAW, 2024 WL 1363680 (W.D.N.Y. April 1, 2024).  As to Defendant's as-applied challenge, the Court agrees with the R&R that it fails, given that Defendant does not dispute his prior felony convictions and has offered no other basis on which an as-applied challenge could succeed in light of *Bogle*.  Accordingly, the Court adopts the R&R and denies the motion to dismiss the indictment.

With respect to Defendant's motion to suppress evidence, the Court also adopts the R&R and denies the motion to suppress.  As explained in more detail on the record at the appearance on October 8, 2024, the Court agrees for the reasons in the R&R that there was reasonable suspicion for the initial approach by law enforcement toward Defendant[4] and probable cause for Defendant's arrest once he fled.

---

recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (quoting *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 313 (W.D.N.Y. 2009)).

[3]   Defendant raised no specific objections to the R&R's findings on the motion to dismiss the indictment.  (*See* Dkt. 51 at 1 ("This written Objection specifically concerns 1 issue – Defendant's Motion to suppress any evidence derived from the warrantless arrest and subsequent search for which a Suppression Hearing was held on April 30, 2024.")).  Nonetheless, the Court has reviewed de novo the issues raised by the motion to dismiss the indictment.

[4]   The Court explained at oral argument that for the reasons set forth in the R&R, it agreed that there was reasonable suspicion to approach Defendant when the police arrived at the scene.  (*See* Dkt. 48 at 18-19).  That said, the Court is not convinced that the inquiry

Finally, for the reasons set forth in the R&R, the Court denies Defendant's motion to suppress statements made incident to the arrest.  (*See* Dkt. 48 at 11-13).

For these reasons and as explained in more detail during the appearance on October 8, 2024, Defendant's objections are overruled, the R&R is adopted, and the motion to dismiss and motion to suppress are denied.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  October 11, 2024
        Rochester, New York

---

about reasonable suspicion is even necessary because Defendant was not seized when initially approached. *See United States v. Baldwin*, 496 F.3d 215, 218 (2d Cir. 2007) ("We hold that, to comply with an order to stop—and thus to become seized—a suspect must do more than halt temporarily; he must submit to police authority, for 'there is no seizure without actual submission.'" (citation omitted)); *see also United States v. Swindle*, 407 F.3d 562, 572 (2d Cir. 2005) ("[A]n order to stop must be obeyed or enforced physically to constitute a seizure.").  Under no reasonable view of the facts could it be concluded that Defendant submitted to police authority when initially approached—instead, he fled.  Thus, without a seizure, whether there was reasonable suspicion appears irrelevant.  Defendant's seizure occurred at the time of his arrest when he was apprehended after fleeing from police, and thus the question is whether there was probable cause for the arrest.  *See Baldwin*, 496 F.3d at 220 ("[B]ecause Baldwin's ultimate seizure was an arrest, the question is one of probable cause.").  But the same factors that support a finding of reasonable suspicion for the initial approach also are relevant to the probable cause determination, and as determined by the R&R, when combined with Defendant's flight from the police, those factors support a finding of probable cause for the arrest.  (Dkt. 48 at 19).